UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH A. FERRARA, SR.; FRANK H.
FINKEL; MARC HERBST; DENISE
RICHARDSON; THOMAS F. CORBETT;
ANTHONY D'AQUILA; THOMAS GESUALDI;          MEMORANDUM & ORDER
LOUIS BISIGNANO; DOMINICK MARROCCO;         11-CV-5841(JS)(GRB)
and ANTHONY PIROZZI, as Trustees
and Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the
Local 282 Vacation and Sick Leave
Trust Fund,

                    Plaintiffs,

        -against-

A STAR BUSINESS SERVICES OF NEW
YORK CORP. and BASS & BASS WGP, INC.,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Joseph J. Vitale, Esq.
                    Zachary N. Leeds, Esq.
                    Michael Seth Adler, Esq.
                    Cohen, Weiss and Simon LLP
                    330 West 42nd Street, 25th Fl.
                    New York, NY 10036

For Defendants:     No appearances.

SEYBERT, District Judge:

        Currently pending before the Court is plaintiffs

Trustees and Fiduciaries of the Local 282 Welfare Trust Fund,

the Local 282 Pension Trust Fund, the Local 282 Annuity Trust

Fund, the Local 282 Job Training Trust Fund, and the Local 282

Vacation and Sick Leave Trust Fund's (collectively, "Plaintiffs"

or the "Funds") motion for default judgment and Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"). For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

The Court presumes familiarity with the general background of this case, which is set forth in greater detail in Judge Brown's R&R dated February 26, 2013 (Docket Entry 10) and this Court's Memorandum and Order dated March 27, 2013 (Docket Entry 13). Briefly, Plaintiffs commenced this action on December 1, 2011 against defendants A Star Business Service of New York Corp. and Bass & Bass WGP, Inc. (together, "Defendants") pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§ 1132(a)(3) and 1145. Defendants did not answer or otherwise appear in this action.

Plaintiffs requested a certificate of default on February 21, 2012 (Docket Entry 4), which was entered by the Clerk of the Court that same day (Docket Entry 5). On July 20, 2012, Plaintiffs moved for default (Docket Entry 8), and, on July 26, 2012, the Court referred Plaintiffs' motion to Judge Brown (Docket Entry 9).

Judge Brown issued his R&R on February 26, 2013, recommending that: (1) an order issue directing Defendants to submit to an audit of their books and records within thirty

days; (2) Plaintiffs be given sixty days to complete the audit and to make any further submissions with respect to Plaintiffs' application for unpaid contributions, interest on unpaid contributions, and liquidated damages, and for additional attorneys' fees and costs; and (3) Plaintiffs be awarded attorneys' fees and costs in the amount of $4,681.74. On March 27, 2013, this Court adopted Judge Brown's R&R in its entirety, with certain technical qualifications.[1]

Now pending before the Court is Plaintiffs' renewed motion for default.

<u>DISCUSSION</u>

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

---

[1] Although the Court adopted the portion of Judge Brown's February 26, 2013 R&R regarding attorneys' fees and costs in the amount of $4,681.74, Plaintiffs' renewed motion includes fees and costs from the inception of this litigation. Judge Brown's current R&R therefore considers the total amount of attorneys' fees and costs from inception through the filing of the renewed motion for default.

Here, no party objected to Judge Brown's R&R.  And the Court finds his R&R to be correct, comprehensive, well-reasoned, and free of any clear error.  Accordingly, the Court ADOPTS it in its entirety.

CONCLUSION

Judge Brown's R&R is ADOPTED in its entirety, and Plaintiffs' motion is GRANTED.  Plaintiffs are hereby awarded a default judgment against Defendant in the following amounts:

(1) $913,428.94 in unpaid contributions;

(2) $326,177.11 in interest plus _per diem_ interest of $450.46 from June 21, 2013 through the date of judgment;

(3) $326,177.11 in liquidated damages plus _per diem_ liquidated damages of $450.46 from June 21, 2013 through the date of judgment;

(4) $17,192.50 in attorneys' fees;

(5) $752.72 in costs; and

(6) $350 in audit fees.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

Dated:  March   3  , 2014             /s/ JOANNA SEYBERT_____
        Central Islip, NY            Joanna Seybert, U.S.D.J.